**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10015 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00269-JCM-EJY-1 |
| v. | |
| LESEAN ROGER DENNIS BRADDOCK, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 13, 2023[**]
San Francisco, California

Before: MILLER, SANCHEZ, and MENDOZA, Circuit Judges.

Lesean Braddock, Jr. appeals his jury conviction for one count of conspiracy

to commit interference with commerce by robbery, two counts of interference with

commerce by robbery, one count of attempted interference with commerce by

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

robbery (in violation of 18 U.S.C. § 1951(a)), and three counts of use of a firearm during and in relation to a crime of violence (in violation of 18 U.S.C. § 924(c)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Braddock raises three arguments on appeal: (1) the district court erred when it failed to exclude privileged communications between Braddock and his purported wife, Aricka Gray; (2) the district court erred in ruling on several evidentiary objections; and (3) cumulative error warrants reversal. We review the district court's evidentiary rulings for abuse of discretion. *United States v. Lloyd*, 807 F.3d 1128, 1151 (9th Cir. 2015).

II.

First, assuming without deciding the communications between Braddock and Aricka Gray were privileged, we conclude that any error in temporarily admitting the text messages was harmless because the district court ultimately excluded the communications on relevance grounds. *See United States v. Lehman*, 792 F.2d 899, 901 (9th Cir. 1986) (stating that we may affirm the district court "on any ground supported by the record"). The two offending exhibits were withdrawn, and the jurors were instructed to disregard excluded evidence and consider only those exhibits received into evidence. *See United States v. Reyes*, 660 F.3d 454, 468 (9th Cir. 2011) ("Jurors are presumed to follow the court's instructions.").

2

Second, Braddock argues that the district court erred in ruling on evidentiary objections. "Evidentiary rulings will be reversed for abuse of discretion only if such nonconstitutional error more likely than not affected the verdict." *United States v. Tran*, 568 F.3d 1156, 1162 (9th Cir. 2009) (internal citation omitted). "Trial judges have wide discretion in determining whether evidence is relevant." *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) (internal citation and quotation marks omitted).

Over Braddock's bolstering and relevance objections, the district court permitted testimony by Braddock's co-conspirator, Porter, that Porter had enlisted in the Army and been previously robbed by a former boyfriend of Gray. Given the extensive evidence of guilt, we are satisfied that this testimony did not meaningfully affect the jury's verdict.

Next, we determine that the district court did not err when it allowed Detective Condratovitch to testify that the Gamestop manager gave him a list of gaming systems that had been stolen. The Detective testified he was given a list as part of the investigation. Even if the testimony was offered to prove the quantity of gaming systems stolen, this error was harmless because both the store clerk and Porter had already testified that Braddock had stolen multiple game systems from the store. Likewise, allowing Detective Condratovich's testimony regarding

Gray's Jeep SUV was harmless because Porter had previously testified that Porter used Gray's "charcoal, gray-ish" Jeep in the robberies. We are not persuaded that this cumulative testimony "more likely than not" affected the jury's finding of guilt. *Tran*, 568 F.3d at 1162 (internal citation omitted).

Braddock also argues that the district court wrongly sustained two of the government's objections during Braddock's cross-examination of Detective Condratovich.

First, Braddock contends that the district court improperly prevented Detective Condratovich from "answering fully on cross-examination" about his failure to obtain surveillance footage which may have corroborated or rebutted Porter's allegations against Braddock.

A challenge to a trial court's restriction on the scope of cross-examination within a given area is reviewed for abuse of discretion. *See United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007). We look at the following criteria when considering whether restrictions on cross-examination violate the Confrontation Clause: "(1) whether the excluded evidence was relevant; (2) whether there were other legitimate interests outweighing the defendant's interest in presenting the evidence; and (3) whether the exclusion of evidence left the jury with sufficient information to assess the witness's credibility." *United States v. Mikhel*, 889 F.3d 1003, 1048 (9th Cir. 2018).

4

Applying those criteria here, we conclude the district court imposed reasonable limits on a prolonged line of cross-examination seeking speculative evidence that was "only marginally relevant." *Larson*, 495 F.3d at 1101.

Second, Braddock argues the district court erred when it sustained the government's objection to Braddock's question about what Detective Condratovich would have done had Braddock's name surfaced in pawn shop records. We conclude that the district court did not err in limiting a purely speculative line of questioning. *See United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014) ("[A]n officer may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements.").

## IV.

Finally, Braddock argues that the district court's numerous purported errors warrant reversal for cumulative error. But any errors the district court might have committed were few and inconsequential. There was no cumulative error warranting reversal here.

## V.

The government acknowledges that one of Braddock's convictions for use of a firearm during and in relation to a crime of violence (in violation of 18 U.S.C. § 924(c)) should be vacated following the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022).

We agree that Braddock's conviction on Count Three improperly rests on a conviction which can no longer serve as a predicate offense. *See Taylor*, 142 S. Ct. at 2020 ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause."). We vacate that portion of the judgment and remand to the district court for resentencing consistent with *Taylor*.

**AFFIRMED in part, VACATED in part, and REMANDED.**